UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD LEE GILLIAM,

    Plaintiff,

v.   Case No: 2:16-cv-255-FtM-99CM

U.S. DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Motion to Proceed *In Forma Pauperis* and Financial Affidavit pursuant to 28 U.S.C. § 1915 (Doc. 2) and Motion for Appointment of Counsel and Affidavit in Support (Doc. 3) filed on April 4, 2016.

### I.   Background

Plaintiff worked for the Department of Veterans Affairs (the "VA") as a police officer at the VA's outpatient clinic facility in Fort Myers, Florida. Doc. 1 at 5. Plaintiff alleges that the VA discriminated against him based on national origin (not specified), gender, religion (not specified), and reprisal by removing him from his position on October 27, 2017 for four charges of alleged misconduct. *Id.* Plaintiff

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

claims that the incidents of discrimination against him involved his relationship with another VA employee, Lizabeth Marsh. *Id.*; Doc. 1-1 at 1. Plaintiff first raised claims of discrimination against the VA before the Merit Systems Protection Board ("MSPB"), which decided that the VA's removal of Plaintiff was reasonable under the circumstances and that Plaintiff failed to prove by a preponderance of evidence that the VA's decision was motivated by discrimination on the basis of his national origin, gender, religion, and retaliation for engaging in protected activities. Doc. 1-9 at 16-17. Plaintiff appealed his decision to the Equal Employment Opportunity Commission ("EEOC"), which upheld the final order of the MSPB on March 2, 2016. *Id.* at 16-18. Plaintiff seeks the Court's review of the EEOC's decision. Doc. 2 at 1.

## II. Plaintiff's Motion to Proceed *In Forma Pauperis* and Financial Affidavit pursuant to 28 U.S.C. § 1915 (Doc. 2)

### a. Indigency

Plaintiff requests leave to proceed without prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 1915, the Court must first determine that Plaintiff meets the requirements of indigency and then conduct a sufficiency review of the Complaint (Doc. 1).

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A person need not be "absolutely destitute" or

reduce himself to a public charge in order to proceed *in forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents." *Martinez*, 364 F.3d at 1307.

Here, Plaintiff's Affidavit shows that he is not qualified to proceed without prepayment of costs in this matter. Plaintiff currently is employed as a security officer, earning $1,600 per month. Doc. 2 at 2. He has a total of $8,000 in cash. *Id.* He owns real property valued at approximately $110,000.00, and a Jeep Liberty valued at approximately $3,000.00. *Id.* at 2-3. He does not receive any welfare aid or have any dependent. *Id.* at 1-2. Although Plaintiff has a mortgage of $94,000 on his home valued at approximately $110,000, Plaintiff makes a monthly payment of $750.00 toward the mortgage. Doc. 2 at 2-3. Plaintiff also is able to make payments toward his credit card loan of $8,000 and financial obligation of $8,000 to IRS. *Id.* at 3. He is not unable to support and provide necessities for himself. *See Martinez*, 364 F.3d at 1307.

### b. Sufficiency of the Complaint

Even assuming Plaintiff meets the financial criteria to proceed *in forma pauperis*, the Court must proceed to determine the sufficiency of Plaintiff's claims. Under Section 1915 of Title 28 of the United States Code, the Court shall dismiss an action if the action is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Ashcroft*, 556 U.S. at 678 (quotations and citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Rule 8(a) requires that a pleading set forth a claim of relief and contain a short and plain statement in which the pleader is entitled to relief. Fed. R. Civ. P. 8(a). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The

allegations in the complaint also may not be conclusory.  *Twombly*, 550 U.S. at 555; *Id*.  Federal Rule 10(b) requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).

While the Court holds pro se complaints to a less stringent standard than pleadings drafted by attorneys, *Ortiz v. Degrees*, No. 210-cv-278-FtM-29SPC, 2010 WL 2889773, at *1 (M.D. Fla. June 28, 2010), a pro se litigant still is bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure.  *See Goldsmith v. City of Atmore,* 996 F.2d 1155, 1161 (11th Cir. 1993).  "Where allegations are vague and ambiguous, leaving the reader to guess at precisely what the plaintiff was claiming, the judge should require the plaintiff to replead his claims."  *McFarlin v. Douglas Cty.*, 587 F. App'x 593, 595 (11th Cir. 2014) (citations omitted).

Here, Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.  Doc. 1 at 1.  Under a Title VII hostile work environment claim Plaintiff must plead and ultimately prove that: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic, such as religion or sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the

employer is responsible for such an environment. *See Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010). To establish a *prima facie* case of retaliation under Title VII, Plaintiff must show that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events. *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998) (citing *Meeks v. Computer Associates Int'l*, 15 F.3d 1013, 1021 (11th Cir. 1994)). The causal link element is construed broadly so that "'a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.'" *Olmsted*, 141 F.3d at 1460 (quoting *EEOC v. Reichhold Chem., Inc.*, 988 F.2d 1564, 1571-72 (11th Cir. 1993)). The employer then has the opportunity to provide a legitimate, non-retaliatory reason for the termination. *Olmsted*, 141 F.3d at 1460.

Although Plaintiff generally alleges hostile work environment and retaliation claims and has properly attached the EEOC's decision, he does not set forth sufficient facts to satisfy Federal Rule of Civil Procedure 8. Plaintiff's Complaint includes vague, conclusory statements such as that "[t]he Agency was wrong in taking this action," or that "the now extreme [h]ostile [w]ork [e]nvironment was escalated for [Plaintiff] due to male gender discrimination." *See Ashcroft*, 556 U.S. at 678; Doc. 1 at 10, 17. The Complaint also contains irrelevant allegations, including that "[it] is a known fact that Chief Bob Shogren is corrupt and a retaliation lawsuit against him has costed [*sic*] the VA." Doc. 1 at 4. Lastly, Plaintiff's Complaint does not provide more specific facts regarding the alleged incidents because Plaintiff does not allege,

for example, to which protected group he is a member, in which protected activity he engaged, and what causal link exists between his protected activity and removal. *See Olmsted*, 141 F.3d at 1460. Instead, Plaintiff's claims of discrimination based on national origin and gender focus on comparing the treatment another employee, Lizabeth Marsh, received to that which Plaintiff received. Doc. 1 at 34-36.

In addition, as Plaintiff has filed a charge with the EEOC, he may not raise a claim unless he has first raised that claim before the EEOC. *Alexander v. Fulton Co.*, 207 F.3d 1303, 1332 (11th Cir. 2000). Plaintiff's Complaint, however, contains allegations related to discrimination based on marital status and violations of the Fourth Amendment and 18 U.S.C. § 1001, although he did not raise these claims to the EEOC. *See id.*; Doc. 1 at 9, 12, 17, 19-21, 28-33; Doc. 1-9 at 16-18. Plaintiff also has raised claims against individual officers of the VA, when the officers neither were the named defendants before the EEOC nor are named defendants in this matter. Doc. 1 at 28-33, 44-48; Doc. 1-9 at 16-18. Accordingly, the Court recommends requiring Plaintiff to replead his claims. *See McFarlin*, 587 F. App'x at 595.

### III.  Plaintiff's Motion for Appointment of Counsel and Affidavit in Support (Doc. 3)

Plaintiff seeks the appointment of counsel because of his poverty. Doc. 3. The Eleventh Circuit has explained that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088,

1096 (11th Cir. 1990). The court considers variety of factors when determining whether there are "exceptional circumstances" to appoint counsel in a civil action:

> Although there is no comprehensive definition for what constitutes "exceptional circumstances," the Court should consider the following factors: (1) the type and complexity of the case; (2) the abilities of the individual bringing it; (3) whether the individual is in the position to adequately investigate his case; and (4) whether the evidence will consist mostly of conflicting testimony so as to require skill in cross-examination.

*Jones v. Salley*, No. 2:12-cv-510-FtM-29DNF, 2013 WL 1277892, at *2 (M.D. Fla. Mar. 28, 2013). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Plaintiff has demonstrated an ability to file documents and a basic understanding of the legal process, and the case remains in relative infancy, as it appears that no discovery has commenced at this point. The facts and legal issues presented in this action, at least based upon the allegations set forth in the complaint, are not "so novel and complex as to require the assistance of a trained practitioner;" and Plaintiff has failed to show that his case "constitutes an exceptional circumstance" warranting the appointment of counsel. *See Jones*, 2013 WL 1277892, at *3 (denying plaintiff's motion to appoint counsel in Section 1983 action where the facts and claims were not complex, case was in initial stages of litigation and the plaintiff demonstrated ability to litigate action *pro se*); *Fowler*, 899 F.2d at 1096 (affirming denial of motion to appoint counsel where Plaintiff failed to show

exceptional circumstances, claims were "relatively straightforward" and involved incidents the plaintiff himself had witnessed, and the plaintiff demonstrated an ability to represent himself). Although Plaintiff is not entitled to the appointment of counsel in this matter, "[t]he Court has discretion to request an attorney to represent any person unable to afford counsel in a civil action." *Morris v. Rinker*, No. 3:04-cv-252-J-32TEM, 2005 WL 1027485, at *9 (M.D. Fla. Apr. 14, 2005) (citing 28 U.S.C. § 1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). The Court again declines to exercise its discretion to appoint counsel here, at least at this time.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. Motion to Proceed *In Forma Pauperis* and Financial Affidavit pursuant to 28 U.S.C. 1915 (Doc. 2) be **DENIED**.

2. Plaintiff's Motion for Appointment of Counsel (Doc. 3) be **DENIED without prejudice**.

3. Plaintiff be directed to file an amended complaint within fourteen (14) days of the Court's order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Edward Lee Gilliam *pro se*
322 S.E. 21st Street
Cape Coral, FL 33990