UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD LEE GILLIAM,

    Plaintiff,

v.                                                            Case No: 2:16-cv-255-FtM-29CM

U.S. DEPARTMENT OF
VETERANS AFFAIRS,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Default (Doc. 21) filed on May 12, 2017. Plaintiff seeks a Clerk's entry of default as to Defendant the United States Department of Veterans Affairs ("VA"). Doc. 21. Plaintiff includes a Certificate of Service in the present motion. *Id.* at 4.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States*

*v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

In order to effectuate service on the United States or its agencies, a plaintiff must comply with Rule 4(i) of the Federal Rules of Civil Procedure. Rule 4(i) states in relevant part:

> (1) *United States.* To serve the United States, a party must:
>
>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>>
>>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>
>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>
>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i).

Here, the Court finds that Plaintiff has not properly served the VA under Rule 4(i)(2). Plaintiff states that he sent a copy of the Second Amended Complaint by registered mail to the VA only. Doc. 21 at 1, 4. In order to effectuate proper service of process upon the VA, Plaintiff must serve the United States pursuant to Rule 4(i)(1)

and also send a copy of *both the summons and the Second Amended Complaint* by registered or certified mail to the VA. Fed. R. Civ. P. 4(i)(2). Although Plaintiff is proceeding as pro se, Plaintiff should be aware that he "must follow the rules of procedure," and "the district court has no duty to act as a pro se party's lawyer." *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011); *Harvick v. Oak Hammock Pres. Cmty. Ass'n Inc.*, No. 6:14-cv-937-Orl-40GJK, 2015 WL 667984, at *2 (M.D. Fla. Feb. 17, 2015). The Court reminds Plaintiff that Plaintiff has up to and including June 16, 2017 to properly serve the VA.[1] Doc. 20.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Default (Doc. 21) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Edward Lee Gilliam

---

[1] On February 27, 2017, Plaintiff filed the Second Amended Complaint. Doc. 17. Senior United States District Judge John E. Steele ordered Plaintiff to show cause for failure to prosecute this case. Doc. 18. Plaintiff responded to the Order (Doc. 18) by asking to extend his time to properly serve the VA. Doc. 19. The Court granted his motion and allowed him to have up to and including June 16, 2017 to execute service of process. Doc. 20.