FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

2018 JUN 22 PM 1:31

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

**EDWARD LEE GILLIAM,**

    Plaintiff,

vs.                                    Case No: 2:16-CV-255-FTM-99CM

**U.S. DEPARTMENT OF VETERANS AFFAIRS,**

    Defendant,

## **MOTION TO COMPEL DEFENDANT TO PRODUCE DISCOVERABLE INFORMATION**

Hear ye, hear ye! There are three (3) significant points for this motion.

1. One the Defendant (Veterans Affairs) has stated in reference to the Plaintiff's reasonable request for a primary witnesses appearance for deposition with the following: "With regards to Officer Testa, I do not have any dates to offer you. My client has informed me that he is still an employee, but has been away without leave for some period of time now. We are not aware of his current whereabouts."
The Plaintiff a twenty one year government employee in mostly police investigations acknowledges the Veterans Affairs response as unacceptable and highly suspect in credibility to the point of being absurd. This response is inadequate and appears to be obfuscation and arises to that of Obstruction of Justice. Therefore the Plaintiff is respectfully requesting the Honorable Judge John E. Steele to compel this pivotal witness Officer Ron Testa who stated to the Plaintiff (Edward Lee Gilliam) that he (Ron Testa) would submit a sworn statement in reference to our discussion on November 5 and 12, 2015 of how Chief Robert Shogren and Lt. Pete Quimby and others targeted the Plaintiff Officer Edward Lee Gilliam for reprisal and eventual removal.

1

Therefore the Plaintiff is now reasonably requesting the help of the highly esteemed Federal Court to rightfully compel the Veterans Affairs to make every effort possible to contact this witness (Ron Testa) for a scheduled deposition no later than July 31, 2018.

2. Two, the Plaintiff was under the impression due to he is aware he can receive up to twenty-five interrogatory questions that he could formulate twenty five (25) interrogatory questions for each of the eighteen witnesses in his case; but has now learned otherwise. Note: On June 11, 2018 the Plaintiff sent Assistant US Attorney David Sullivan the following email excerpt: "Note: I'm aware there over twenty five (25) questions for some witnesses so you are welcome to use just the first twenty five (25) as you did with the first set of interrogatories."
Now that the Plaintiff has been enlightened by Federal Rule of Civil Procedure 33(a)(1) he will be submitting twenty five (25) interrogatories addressed to the final decision maker in his wrongful termination from the Veterans Affairs Bay Pines Director Suzanne Klinker. The Plaintiff is aware in reference to his Case Management and Scheduling Order that the expiration date for Disclosure of Expert Reports is June 29, 2018 but is requesting the corrected twenty five (25) interrogatories written for VA Director Klinker be extended to the Discovery Deadline July 31, 2018 giving the Defendant over thirty (30) days to respond. These twenty five answered interrogatory questions will greatly assist in the near term discussion and reasoning of the approaching mediation or trial.

3. Note: These twenty five (25) interrogatory questions are attached to this motion as "necessary to presentation and consideration of a motion to compel."

The Plaintiff would like to thank the Honorable Senior United States District Judge John E. Steele for his thoughtful deliberation in the above respectfully requested actions. Thank you for your time and consideration in this extremely significant matter.

Respectfully submitted,

*Edward Lee William*
June 22, 2018

# **INTERROGATORIES OF WITNESS WITH**

# **DISCOVERABLE INFORMATION**

**Bay Pines Director- Suzanne M. Klinker please admit or deny and elaborate if necessary:**

1. Admit, deny or elaborate: It is a fact that crafting an investigation to meet a predetermined outcome is corruption and a crime isn't that true?

2. Admit, deny or elaborate: It is a fact the Veterans Affairs paid out one (1) million dollars in reference to Chief Robert Shogren engineering a pattern, practice and culture of retaliation against staff members who contact the EEOC against him, isn't that true?

3. Admit, deny or elaborate: It is a fact Chief Shogren engineered a Hostile Work Environment for Officer Ed Gilliam when he took outside revengeful allegations from a vindictive husband and hid the defamatory allegations from the victim Officer Edward Lee Gilliam for ten (10) months, all the while informing the supervisory staff of the incendiary allegations of adultery and sex on VA property, isn't that true?

4. Admit, deny or elaborate: It is a fact according to the VA Code of Conduct that VA supervisors are to promptly counsel an employee upon knowledge of misconduct, isn't that true?

5. Admit, deny or elaborate: It is a fact an initial police investigation of two staff members allegedly having sex on VA property and only one of the two are targeted for removal, while the other one is given only three days suspension is a text book example of discrimination, isn't that true?

6. Admit, deny or elaborate: It is a fact you Susanna Klinker was aware of Officer Ed Gilliam contacting the EEOC on June 15, 2012 and at the same time Chief Shogren was being investigated for engineering a pattern, practice and culture of retaliation to any staff members who contacted the EEOC against him, isn't that true?

7. Admit, deny or elaborate: It is a fact Director Klinker you committed an EEOC Religious Non-Adherence to your beliefs violation (adultery) when you distinctively pointed out at the Verbal Response of Mr. Gilliam in reference to stating to him directly that he was being inconsistent by referring to Jeff Marsh in his Written Response as the estranged ex-husband when in actuality at the time he stated the allegations to Staff Member Gina Berchtold he was her HUSBAND!, isn't that true?

8. Admit, deny or elaborate: It is a fact Sgt. Brad Slam, (one of your supervisors) stated to the effect that: he was no longer interested in having theological conversations with Ed Gilliam

3

because he was living in sin with Liz Marsh and that is also an EEOC Religious Non-Adherence violation but is in agreement with your Religious Beliefs, isn't that true?

9. Admit, deny or elaborate: It is a fact Lieutenant Pete Quimby and Sergeant Brad Slam lied and hid government keys from Officer Ed Gilliam and caused him to miss a scheduled EEOC meeting with Supervisor Joan Harris, isn't that true?

10. Admit, deny or elaborate: It is a fact in reference to the charge **Inappropriate Conduct In The Workplace** Detective Tim Torain and Captain Dennis Moran wrongfully reached outside the Veterans Affairs jurisdiction and contacted the estranged ex-husband Jeff Marsh on May 4, 2012 and coerced him to surrender to the Federal Government illegally obtained text messages (Breaking and Entering an iPhone Device) and therefore the Federal Government took of the fruits of the poisonous tree and maliciously used it against Officer Ed Gilliam in his removal by crafting an investigation to meet a predetermined outcome, isn't that true?

11. Admit, deny or elaborate: It is a fact Director Klinker you did not hear any audible or view any video of Officer Gilliam and Staff Member Liz Marsh having sex on VA property; so you just evidently guessed that they had sex on VA property due to the false interpretation of illegally obtained private text messages, isn't that true?

12. Admit, deny or elaborate: It is a fact there is nothing inappropriate about two consenting adults text messaging or even sexting on their private iPhones, isn't that true?

13. Admit, deny or elaborate: It is a fact in reference to the charge **Failure To Follow The Instructions Of A Supervisor** that there is a neutral witness testimony by Union Steward Albert Brown that Lieutenant Pete Quimby's sworn testimony at the MSPB stating that he gave Mr. Gilliam a direct order to have no interaction with staff member Liz Marsh while on duty was never stated and therefore Lieutenant Pete Quimby's testimony is one of perjury, isn't that true?

14. Admit, deny or elaborate: It is a fact there is further evidence that Lieutenant Pete Quimby perjured himself because he never gave a direct order to Officer Gilliam to not have any interaction with MSA Liz Marsh while on duty on April 19, 2012 as he has stated and that very fact is reaffirmed at a later unannounced fact-finding when Captain Dennis Moran questioned Officer Gilliam in the presents of Union Steward Albert Brown; why he was meeting with MSA Liz Marsh except for on her scheduled lunch and breaks reinforcing the fact that Pete Quimby lied about ever stating a direct order to Officer Gilliam not to have any interaction with MSA Liz Marsh while on duty, isn't that true?

15. Admit, deny or elaborate: It is a fact that in reference to the charge **Conduct Unbecoming A Police Officer** Mr. Gilliam only spoke to Liz Marsh on April 26, 2012 in what he thought was a private area and had every right to talk the way he did; understanding the VA was closed and

4

Ms. Marsh was off from work. Now when Mr. Gilliam's voice started to rise and he was heard by only one other individual Officer Ron Testa who stepped out of the police office just across the way (10' feet) and gave a hand gesture for Officer Gilliam to lower his voice which Mr. Gilliam acknowledged and lowered his voice instantaneously expressing total self-control, isn't that true?

16. Admit, deny or elaborate: It is a fact in reference to the charge **Conduct Unbecoming A Police Officer** you Director Klinker stated you had a problem with the profanity that Mr. Gilliam was reported of using. And Mr. Gilliam responded to you at his Verbal Response hearing; with all due respect the profanity Mr. Gilliam used was between two consenting adults who thought they were in **private** so if they chose to use profanity they would have every right to especially when they thought they were in a private area, isn't that true?

17. Admit, deny or elaborate: It is a fact that you Director Klinker having a problem with someone's language they freely use in private is once again reflective of your outrage and an EEOC Non-Adherents to your Roman Catholic or Religious beliefs violation, isn't that true?

18. Admit, deny or elaborate: It is a fact that Officer Ron Testa never investigated this matter and never reported it until seven (7) days later who has now stated he will give a sworn statement that Chief Robert Shogren and Lieutenant Pete Quimby targeted Mr. Gilliam for removal, isn't that true?

19. Admit, deny or elaborate: It is a fact in reference to the charge **Endangering The Safety Of A Supervisor** that applying a chokehold is considered Deadly Force and anybody who applied one with malice would be arrested immediately or shortly thereafter and taken to jail as a very dangerous criminal, isn't that true?

20. Admit, deny or elaborate: It is a fact that no action what so ever was taken against Officer Ed Gilliam immediately or long-term because the chokehold was applied in a slow to form training type manner without any malice and Sergeant Brad Slam and other involved conspirators are obviously lying, isn't that true?

21. Admit, deny or elaborate: It is a fact that it has been established now that Captain Pete Quimby has committed perjury against a fellow officer and if this fact was made known to the public then that would mean all cases that Captain Pete Quimby has investigated since Officer Ed Gilliam's case should be reconsidered because of Captain Quimby's willingness to perjury himself to win a case, isn't that true?

22. Admit, deny or elaborate: It is a fact that the Hispanic VA Attorney Karen Malcahy at the MSPB committed Obstruction of Justice by aiding and abetting witnesses Detective Tim Torain and Lieutenant Pete Quimby by presenting them a copy of Mr. Gilliam's Witness Questions that was mandatorily submitted by Officer Ed Gilliam to the MSPB even after the fact he requested her

not to in an email address. The reason being Mr. Gilliam was planning on asking Lieutenant Pete Quimby while under oath: What was the response of Officer Edward Gilliam and Union Steward Albert Brown when you allegedly gave a direct order to Officer Gilliam to not have any interaction with MSA Liz Marsh while on duty? And then Plaintiff Mr. Gilliam was planning to ask Detective Tim Torain the same question. The pressure for both of them would have been enormous because the Direct Order was never stated and they both would not have known how to respond in order to match each other's fictitious testimony therefore revealing they were both conspiring a lie that caused a wrongful termination by obstructing justice, isn't that true?

23. Admit, deny or elaborate: It is a fact by accusing Mr. Edward Lee Gilliam of lying or not being candid by casting and fabricating lies against him and then expecting him to admit to the lies, is one of the most despicable assaults that one human being can make of another, and wouldn't that be an extreme injustice to allow those who are guilty of it to get away with it, isn't that true?

24. Admit, deny or elaborate: It is a fact by arbitrarily honoring Chief Shogren's removal request that was motivated and engineered by his personal malice using a pattern, practice and culture of retaliation against an employee going to the EEOC for help coupled with your EEOC Non-Adherence to your personal Religious belief violation you therefore; echoed his unjust character assassination of a low level subordinate, based on partial truths: faked, exaggerated, perjured and distorted for magnified impact lies or "simply put" it was a bureaucratic decision, reflecting unity of effort amongst the hierarchy, isn't that true?

25. Admit, deny or elaborate: It is a fact because Officer Ed Gilliam was defending himself against unjust charges (lies) Director Klinker you questioned his potential for rehabilitation, simply for defending the truth, completely and ineptly ignoring the fact it is not a lack of candor to refute and deny lies that attack your character or reputation, isn't that true?

## CERTIFICATE OF SERVICE

I *certify* that on June 22, 2018 I respectfully submitted the foregoing:

## MOTION TO COMPEL DEFENDANT TO PRODUCE DISCOVERABLE INFORMATION

**By USPS Marketing Mail to the following address:**

David P. Sullivan- Assistant United States Attorney

U.S. Attorney's Office

2110 First Street

Suite 3-137

Ft. Myers, Fl. 33901

**And hand carried and delivered to the following address:**

John E. Steele, Senior United States District Judge

U.S. Courthouse & Federal Building

2110 First Street

Fort Myers, Florida 33901

*/s/ Edward Lee Gilliam/*

Edward Lee Gilliam/Pro Se

322 SE 21st Street

Cape Coral, FL  33990

TEL 239.223.0427