UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD LEE GILLIAM,

    Plaintiff,

v.

Case No: 2:16-cv-255-FtM-29CM

U.S. DEPARTMENT OF
VETERANS AFFAIRS and DAVID
J. SHULKIN,

    Defendants.

## ORDER

This matter comes before the Court upon review of the Joint Motion to Stay the Case Management Order and Memorandum of Law filed on August 31, 2018. Doc. 68. The parties seek to stay the remaining deadlines in the Case Management and Scheduling Order (Doc. 50) pending resolution of Defendant U.S. Department of Veterans Affairs' ("United States") Motion to Dismiss Plaintiff's Third Amended Complaint ("Motion to Dismiss") (Doc. 67) filed on August 31, 2018. Doc. 68 at 1. For the reasons stated herein, the motion is granted.

On April 4, 2016, Plaintiff filed this case against Defendants, alleging employment discrimination and other violations of Federal law. *See* Doc. 1. On January 31, 2017, the Court dismissed the case without prejudice for failure to pay the required filing fees. Doc. 14. The Court vacated the dismissal order on February 7, 2017 (Doc. 16) and Plaintiff filed an Amended Complaint on February 27, 2017. Doc. 17. On December 12, 2017, the Court granted the United States'

motion to dismiss the Amended Complaint. Doc. 38. On January 10, 2018, Plaintiff filed a Second Amended Complaint. Doc. 41. The Court dismissed the Second Amended Complaint on the United States' motion on August 3, 2018. Doc. 63. Plaintiff filed a Third Amended Complaint on August 24, 2018. Doc. 66. Thereafter, the United States filed the Motion to Dismiss, and the parties jointly filed the present motion to stay on August 31, 2018. Docs. 67, 68. The parties seek to stay the remaining deadlines in the Case Management and Scheduling Order (Doc. 50) pending the resolution of the Motion to Dismiss (Doc. 67). Doc. 68 at 1. The parties assert the stay will "simplify the issues in question and streamline trial," reduce the burden and cost of the litigation, and allow the parties "room to engage in settlement discussions." *Id.* at 2-3. Currently, the dispositive motions deadline is August 31, 2018, the Joint Final Pretrial Statement is due December 11, 2018, and the case is set for the Trial Term of February 4, 2019 before the Honorable John E. Steele. Doc. 50 at 1.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Ricks v. Allied Interstate, LLC*, No. 3:16-cv-00205-HES-PDB, 2016 WL 4505173, at *1 (M.D. Fla. July 11, 2016). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. A stay is proper where its scope is properly limited and not "immoderate." *Ortega Trujillo v. Conover & Co. Communications,*

*Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (citing *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982)).

Here, the Court finds good cause to grant the motion and stay the CMSO deadlines pending judicial resolution of the Motion to Dismiss. The parties are seeking the stay in order to determine the judicial resolution of the Motion to Dismiss, which, as a dispositive motion, may resolve certain of Plaintiff's allegations in the Third Amended Complaint or may resolve the case entirely. *See* Doc. 68 at 1-2. Further, the stay may reduce the burden and cost of litigation on the parties, simplify the issues at trial, and the extension of time to engage in settlement discussions may result in the case being settled prior to trial. *See id.* at 2. The requested stay is also limited in scope and not "immoderate" as the stay is limited to the time of judicial resolution of the Motion to Dismiss. *See Ortega Trujillo*, 221 F.3d at 1264. Thus, based on the totality of the circumstances of this case and because the parties jointly filed the motion, the Court will stay the remaining deadlines in the CMSO until the Court rules on the Motion to Dismiss (Doc. 67).

ACCORDINGLY, it is

**ORDERED:**

1. The Joint Motion to Stay the Case Management Order and Memorandum of Law (Doc. 68) is **GRANTED**.

2. The Clerk is directed to add a stay flag to the docket.

3. The remaining deadlines in the CMSO (Doc. 50) are **STAYED** pending judicial resolution of the motion to dismiss (Doc. 67) or until further Order of the Court.

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of September, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Pro se parties
Counsel of record