```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

EDWARD LEE GILLIAM,

    Plaintiff,

v.                        Case No: 2:16-cv-255-FtM-29UAM

U.S. DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.

---

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Reason why Certain Parts of the Plaintiff's Evidence Ignored (Doc. #78) filed on April 1, 2019, which the Court construes as a motion for reconsideration. For the reasons set forth below, the motion is denied.

**I.**

"Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)(citation omitted). "The courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

**II.**

Plaintiff seeks reconsideration of the Court's Opinion and Order (Doc. #75) because he believes the Court committed clear error when it "completely ignored" plaintiff's response in opposition and plaintiff's Documentation of Case Events. (Doc. #78, p. 1.) Plaintiff argues that if the Court had considered these documents, the Court would have found "irrefutable" evidence of "a severe [w]rongful [t]ermination" and thus would have denied defendant's motion to dismiss. The Court finds no merit in this argument.

Plaintiff's response simply contains bare legal conclusions and recounts the elements of each cause of action asserted in the Third Amended Complaint. Thus, the response failed to demonstrate how the Third Amended Complaint set forth any viable causes of action. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (To avoid dismissal, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation and quotation omitted)); Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth." (citations omitted)).

As to plaintiff's Documentation of Case Events, this document is comprised of plaintiff's commentary and his interpretation of the timeline of events leading up to this lawsuit. Like the

response, the Documentation of Case Events failed to set forth sufficient factual allegations "to raise [plaintiff's] right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff also asserts that the Court "robotically ignores" the "egregious fact" that defendant asserted a sovereign immunity defense to avoid liability for its "high crimes and misdemeanors committed against Plaintiff." (Doc. #78, p. 2.) Plaintiff has set forth no basis for reconsideration of the Court's finding as to sovereign immunity – aside from his belief that its application is "unreasonable and ridiculous." (Id.) The Court therefore need not again address the merits of defendant's sovereign immunity defense.

For the foregoing reasons, the Court finds that plaintiff has failed to identify a "need to correct clear error or prevent manifest injustice." Sussman, 153 F.R.D. at 694. Plaintiff's motion is therefore denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for Reason why Certain Parts of the Plaintiff's Evidence Ignored (Doc. #78) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of April, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties and Counsel of Record