```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

EDWARD LEE GILLIAM,

    Plaintiff,

v.                                  Case No:  2:16-cv-255-FtM-29UAM

U.S. DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.

## ORDER

This matter comes before the Court on plaintiff's Motion for the Record and Court Reconsideration (Doc. #82) filed on April 25, 2019. For the reasons set forth below, the motion is denied.

On March 27, 2019, the Court dismissed plaintiff's Third Amended Complaint with prejudice because plaintiff failed to state a legally sufficient cause of action. (Doc. #75.) On April 1, 2019, plaintiff filed a motion for reconsideration, arguing the Court erroneously dismissed the Third Amended Complaint with prejudice. (Doc. # 78.) The Court denied plaintiff's motion because plaintiff failed to identify a "need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). (Doc. #81, p. 3.)

Plaintiff filed the instant motion on April 25, 2019 and again argues the Court erred in dismissing the Third Amended Complaint

with prejudice.  Plaintiff cites to the Middle District of Florida case Atkinson v. U.S. Dep't of Veteran Affairs, 8:10-cv-01482-MSS-TBM, which he describes as a retaliation law suit that was settled by the Department of Veteran Affairs (the VA) and resulted in a one million dollar judgment awarded to "police officers, doctors, nurses and other administrative personnel between the years of 2010 and 2014" – the time period during which plaintiff alleges the retaliation against him occurred at the VA.  Plaintiff argues the Court "continues to ignore" this "clearly documented evidence," which he contends supports the Third Amended Complaint's retaliation claims.  (Doc. #82, p. 1.)  Plaintiff also argues that the Court "ignores" that "Chief Robert Shogren concealed incendiary allegations against [Plaintiff] for ten hostile months while alerting the supervisory staff to target him for removal . . . ."  (Id., pp. 1-2.)

The existence of Atkinson and Plaintiff's conclusory allegations regarding Chief Robert Shogren have no bearing on whether the Third Amended Complaint alleged a legally sufficient cause of action.[1]  Thus, for the foregoing reasons, and for the

---

[1] Plaintiff also appears to argue that the Court overlooks the fact that the police officer plaintiffs in Atkinson are valid comparators in support of the Third Amended Complaint's various discrimination claims.  To plead a discrimination claim, however, a plaintiff must identify a comparator who was treated "*more favorably* than []he was treated."  Trask v. Sec'y, Dep't of Veterans Affairs, 822 F.3d 1179, 1192 (11th Cir. 2016)(emphasis added)(citation omitted).  Plaintiff's citation to Atkinson does

reasons previously stated by the Court, Plaintiff has failed to identify a "need to correct clear error or prevent manifest injustice." Sussman, 153 F.R.D. at 694. Plaintiff's motion is therefore denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's Motion for the Record and Court Reconsideration (Doc. #82) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of May, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties and Counsel of Record

---

not alter the Court's previous finding that Plaintiff failed to identify such a comparator.